## PAUL HILBIG v. NATIONAL ASBESTOS MANUFACTURING COMPANY.

### Decided July 26, 1926.

Contract—Salesman—Commission on Sales—Salesman Claimed That He was Entitled to Commissions on all Sales in His Territory, Whether Procured by Him or Not—Account was Stated by a Referee—Defendant Asked for Reversal on Ground That Court Refused to Send Case Back to Referee to Make it Conform to Defendant's Contention That Commissions Were Payable Only on Sales Actually Made by Salesman—Held, That it Would be Error to Permit Proof of a Broader Contract Than That Averred in Complaint, but That the Case Before Court Does Not Show That Referee Allowed Commissions Except on Sales by Salesman—The Account as Stated by the Referee is Not Before the Court in the State of the Case, Accordingly, Judgment Must be Affirmed.

On appeal from the Hudson Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *John Milton*.

For the respondent, *Thomas J. Brogan*.

PER CURIAM.

The plaintiff entered into the employment of the defendant as a traveling salesman, under a contract by the terms of which, as set out in his complaint, he was to be paid a salary of $60 per week, and in addition was to receive a commission of two per cent. upon all sales of the defendant's product effected by him in excess of $200,000 in any one year. The present suit is based upon his claim that during the year 1920 he had obtained orders for sales of the defendant's merchandise amounting in the aggregate to over $340,000, and that, notwithstanding this fact, the defendant refused to

pay him a commission on the excess over $200,000. By consent of the parties, the case, when it was moved for trial, was sent to a referee to state an account between them, and the referee found in favor of the plaintiff's claim for commissions to the extent of $2,793. When the report containing this finding was returned to court, counsel for defendant moved to have it sent back to the referee because of the fact that he had allowed, over objection, proof by the plaintiff that, under the contract between the parties, he was to have credit for all sales made in the territory allotted to him, whether he procured them or not, the objection to the testimony being based on the fact that no such agreement was contained in the contract set out in the complaint in the cause. The court refused to send the matter back to the referee, and directed judgment upon the latter's report. From the judgment entered pursuant to this direction the defendant has taken an appeal, and the refusal of the trial court to refer the case back to the referee is the sole ground upon which it is rested.

Assuming that the procedure attempted to be followed by counsel for the defendant was proper, we do not consider that the refusal to send the case back to the referee justifies a reversal. It was, of course, error for the referee to permit proof of a contract broader than that which was averred in the complaint and admitted by the answer; but that error, so far as the case before us shows, was not harmful, because it does not appear that the referee allowed commissions on any sales except those of which the plaintiff was the procuring cause. Whether the fact is to the contrary can only be ascertained by an examination of the account stated by the referee and annexed to his report, and that account is not contained in the state of the case as sent up to us for review.

The judgment appealed from will be affirmed.